**BAKER, SALINE & BLOSSER, LLP**
*Attorneys for Plaintiff*
One North Lexington Avenue
White Plains, New York 10601
914.681.9500

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x  **PLAINTIFF DEMANDS TRIAL BY JURY**

ANGELIQUE WILHELM,          :

     Plaintiff,          :          Civ.    (    )

  -against-          :          **COMPLAINT**

WHITE PLAINS HOSPITAL,          :          **'06 CIV 13226**

     Defendant.          :          **ROBINSON**
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

  Plaintiff Angelique Wilhelm, by her attorneys Baker, Saline & Blosser, LLP, complaining of the above-mentioned defendant alleges as follows:

<u>Jurisdiction</u>

  1. Plaintiff Angelique Wilhelm is a citizen and resident of the State of New York who at present resides in White Plains, New York.

  2. Upon information and belief, defendant White Plains Hospital ("WPH") is a corporation or hospital association organized under and existing pursuant to the laws of the State of New York.

1

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1331 (federal question) and under principles of pendent and/or ancillary jurisdiction.

4. Venue is proper within this District pursuant to 28 U.S.C. Section 1391 as plaintiff resides within this District.

## Background

5. This is an action for violations of the Americans with Disabilities Act, 42 U.S.C. Sections 1211 *et seq.* and the Rehabilitation Act 29 U.S.C. Sections 794 *et seq.* based on associational discrimination.

6. This is also an action for violations of the New York Executive Law Section 296 *et seq.* under principles of pendent jurisdiction.

7. At all times relevant herein, Mrs. Wilhelm was an employee of defendant WPH within the meaning of the Americans with Disabilities Act, the Rehabilitation Act and the New York Executive Law.

8. At all times relevant herein, WPH was an employer within the meaning of the Americans with Disabilities Act, the Rehabilitation Act and New York Executive Law working in the CAT Scan department.

9. On or about January 30, 2005 Mrs. Wilhelm gave birth to a daughter, Alexis Wilhelm.

10. The delivery of Alexis Wilhelm was performed at WPH.

11. After the delivery, Alexis Wilhelm was placed in the care of WPH.

12. Due to the negligence of WPH, among others, Alexis Wilhelm suffered a traumatic and permanent brain injury.

13. Due to the injuries she suffered due to the negligence of WPH, and others, Alexis Wilhelm is disabled as that term is defined in the Americans with Disabilities Act, the Rehabilitation Act and the New York State Executive Law.

14. Specifically, Alexis Wilhelm suffers from severe and permanent injuries, including, but not limited to severe brain disorders and motor function disabilities.

15. WHP was aware of the severe and permanent disabilities of Alexis Wilhelm as, among other things, Mrs. Wilhelm and her husband brought a law suit against WHP, among others, on behalf of their daughter to recover for negligence and/or medical malpractice.

16. At all times relevant herein, Mrs. Wilhelm was qualified for the positions she held at WHP.

17. Subsequent to the disability of Alexis Wilhelm, Mrs. Wilhelm suffered certain adverse employment consequences due to the disability of Alexis Wilhelm.

18. Mrs. Wilhelm has been subject to numerous harassing comments, statements about losing her job and condescending remarks from co-workers and supervisors.

19. On or about February 16, 2006, Mrs. Wilhelm was advised by the Radiation Department Manager, Fran Catalonga, Mrs. Wilhelm's superior, that

she was being demoted from the assistant supervisor position of her work unit because of the "tragic event in her life."

20. At such time, Ms. Catalonga also stated to Mrs. Wilhelm that "maybe since Angel's tragic event she can't do the assistant supervisor's job."

21. In addition, Mrs. Wilhelm worked overtime on Saturdays from time to time.

22. It was the common practice of Mrs. Wilhelm's unit that all workers would be paid for eight hours of work for working four hours.

23. In May or June of 2005, Mrs. Wilhelm was advised by Terry Coleman, a supervisor, that effective immediately, she was to only be paid for four instead of the eight hours that other workers were receiving.

24. At such time, Ms. Coleman stated to me that she was doing this as I had commenced a lawsuit against WPH on behalf of my daughter.

25. Subsequent thereto, Mrs. Wilhelm filed a complaint with the Equal Employment Opportunity Commission located within the State of New York.

26. The Equal Employment Opportunity Commission subsequent issued to Mrs. Wilhelm a "right to sue" letter.

## AS AND FOR A FIRST CLAIM FOR RELIEF

### (ADA Claim)

27.   WHP is an covered employer under the Americans with Disabilities Act.

28.   At all relevant times herein, Mrs. Wilhelm was an employee of WHP are covered under the Americans with Disabilities Act.

29.   WHP unlawfully discriminated against Mrs. Wilhelm because of her association with her disabled daughter.

30.   WHP is liable to Mrs. Wilhelm due to its violation of the Americans with Disabilities Act.

31.   Mrs. Wilhelm is entitled to relief herein, including, but not limited to, an award of money damages as determined by this Court and a declaration that WHP has discriminated against her in violation of such law.

## AS AND FOR A SECOND CLAIM FOR RELIEF

### (Rehabilitation Act Claim)

32.   Plaintiff realleges and repeats the allegations and statements contained in paragraphs "1" through "31" of this complaint as if more fully set forth herein.

33.   WHP is a covered employer under the Rehabilitation Act and receives Federal funds for its operations.

34.   At all relevant times herein, Mrs. Wilhelm was an employee of WHP who is covered under the Rehabilitation Act.

35.   WHP unlawfully discriminated against Mrs. Wilhelm because of her association with her disabled daughter.

5

36. WHP is liable to Mrs. Wilhelm due to its violation of the Rehabilitation Act.

37. Mrs. Wilhelm is entitled to relief herein, including, but not limited to an award of money damages as determined by this Court and a declaration that WHP has discriminated against her in violation of such law.

## AS AND FOR A THIRD CLAIM FOR RELIEF

### (New York Executive Law Claim)

38. Plaintiff realleges and repeats the allegations and statements contained in paragraphs "1" through "37" of this complaint as if more fully set forth herein.

39. WHP is a covered employer under the New York Executive Law Section 296.

40. At all relevant times herein, Mrs. Wilhelm was an employee of WHP wo is covered under New York Executive Law Section 296.

41. WHP unlawfully discriminated against Mrs. Wilhelm because of her association with her disabled daughter.

42. WHP is liable to Mrs. Wilhelm due to its violation of New York Executive Law Section 296.

43. Mrs. Wilhelm is entitled to relief herein, including, but not limited an award of money damages as determined by this Court and a declaration that WHP has discriminated against her in violation of such law.

## AS AND FOR A FOURTH CLAIM FOR RELIEF

### (Attorneys' Fees)

44.    Plaintiff realleges and repeats the allegations and statements contained in paragraphs "1" through "43" of this complaint as if more fully set forth herein.

45.    Mrs. Wilhelm is entitled to an award of attorneys' fees herein pursuant to the Americans with Disabilities Act and the Rehabilitation Act.

WHEREFORE, plaintiff demands judgment as follows:

1.    On the first claim for relief, an award of money as may be determined by this Court together with a declaration that WHP has violated the rights of Mrs. Wilhelm pursuant to the Americans with Disabilities Act.

2.    On the second claim for relief, an award of money as may be determined by this Court together with a declaration that WHP has violated the rights of Mrs. Wilhelm pursuant to the Rehabilitation Act;

3.    On the third claim for relief, an award of money as may be determined by this Court together with a declaration that WHP has violated the rights of Mrs. Wilhelm pursuant to New York Executive Law Section 296;

4.    On the fourth claim for relief, an award of attorneys fee pursuant to the applicable provisions of the Americans with Disabilities Act and Rehabilitation Act;

5.    Costs and disbursements of this action, including, but not limited to, reasonable attorneys' fees; and

6. For such other, further and different relief this Court deems just.

Dated: White Plains, New York
November 13, 2006

                BAKER, SALINE & BLOSSER, LLP
                *Attorneys for Plaintiff*

By: _____
      Mitchell J. Baker (MB-4339)
One North Lexington Avenue
White Plains, New York 10601
914.681.9500